**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**BANK OF AMERICA, N.A.**, et al.,

Plaintiffs,

v.

**GREGORY D. ROBINSON, SR.**, et al.,

Defendants.

Case No. 1:20-cv-00318 (TNM)

**MEMORANDUM ORDER**

The Defendants, Gregory D. Robinson, Sr., and Mary Hooker Robinson, removed to this Court two cases the Plaintiffs, Bank of America, N.A. and Uptown Development, LLC, filed against them in the Superior Court of the District of Columbia. *See* ECF No. 1. The Robinsons, who are acting *pro se*, then filed three motions to prevent their eviction from 1224 Emerson Street NW, Washington, DC 20011. *See* ECF Nos. 4–6. The Plaintiffs filed separate responses in opposition to the Defendants' motions. *See* ECF Nos. 12, 14. And Bank of America moved to remand to Superior Court for untimely removal and lack of subject matter jurisdiction. *See* Pl.'s Mot. to Remand, ECF No. 13-1. In a previous Order, the Court denied as moot two of the Robinsons' motions. *See* Order (Feb. 14, 2020), ECF No. 17. Before the Court now are the Robinsons' Motion for Preliminary Injunction, ECF No. 5, and Bank of America's Motion to Remand. Because the Court lacks jurisdiction to hear the case, it will grant Bank of America's motion and deny as moot the Robinsons' motion for an injunction.

**I.**

Bank of America filed a complaint for judicial foreclosure against the Robinsons in D.C. Superior Court in November 2014. *See* D.C. Superior Court Case # 2014 CA 7399 R(RP). Two months later, Bank of America served the complaint on the Robinsons. *See* Ex. A. ("Foreclosure Docket"), Pl.'s Mot. to Remand, ECF No. 13-2. In March 2016, the Superior Court entered a consent judgment for foreclosure in favor of Bank of America against Mr. Robinson Sr., and entered a default judgment against Ms. Robinson. *Id*. at 7–8.[1]

After that judgment, the Robinsons separately filed for bankruptcy, which stayed the Superior Court case twice. *Id*. at 8–11; *see* Pl.'s Mot. to Remand at 1–2. The stay eventually lifted and in October 2019 Uptown Development bought the property at auction. Pl.'s Mot. to Remand at 2.

Shortly after buying the property, Uptown Development made two attempts to serve a Notice to Vacate in-person. When those failed, Uptown Development posted a Notice to Vacate on the property. Uptown Development filed a complaint against Ms. Hooker Robinson for possession in the D.C. Superior Court Landlord and Tenant Branch. *See* Docket, *Uptown Dev. LLC v. Robinson*, Case No. 2019 LTB 027120 (D.C. Super. Ct.) ("Landlord-Tenant Docket"). And Uptown Development served Ms. Hooker Robinson via posting and mailing on December 31, 2019. *See id*.

Ms. Hooker Robinson did not attend the initial hearing in the Landlord Tenant action. *Id*. The Superior Court entered default and issued a non-redeemable judgment

[1] All page citations refer to the Court's CM/ECF pagination.

for possession. *Id*. The Superior Court then scheduled her eviction for February 19, 2020. *Id*.

That eviction and the Plaintiffs' Renewed Motion to Ratify the sale in the foreclosure action were both pending with the Superior Court when the Robinsons removed both cases here on February 6, 2020.

**II.**

The Robinsons ground this Court's jurisdiction in the federal question doctrine, 28 U.S.C. § 1331. Not. of Removal ¶ 1, ECF No. 1; Civil Cover Sheet, ECF No. 1-2. They argue that the Court has federal question jurisdiction because Bank of America cannot take its foreclosure action "outside the purview of the United States Department of Veterans Affairs." Not. of Removal at 2. Bank of America counters that the Robinsons' removal here was untimely and that this Court has no subject matter jurisdiction. *See generally* Pl.'s Mot. to Remand.

Generally, a defendant in a state court civil action may remove the case to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). For removal, "'State court' includes the Superior Court for the District of Columbia." *Id*. § 1451(1).

But the state court defendant must file a notice of removal within 30 days after receipt of the complaint. *Id*. § 1446(a)–(b)(1). And regardless of the timing, the D.C. Circuit has made clear that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)). "The party seeking removal of an action bears

the burden of proving that jurisdiction exists in federal court." *Reed v. AlliedBarton Sec. Servs.*, 583 F. Supp. 2d 92, 93 (D.D.C. 2008).

Federal courts have original jurisdiction when a case presents a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). The "controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id*. at 113. Removal based on federal question jurisdiction is improper if there is no claim under federal law. 28 U.S.C. § 1441(c)(1)(A).

Federal courts also have original jurisdiction over civil matters when the matter in controversy exceeds $75,000 and there is total diversity of citizenship between the parties. 28 U.S.C. § 1332. A defendant may not remove a case based on diversity jurisdiction if any defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2).

**III.**

Remand is warranted here for two reasons.

*First*, the Robinsons' removal was untimely. Section 1446(b)(1) requires that the defendants file a notice of removal within 30 days of being served. But here the Robinsons were served with both complaints more than 30 days before removal. In the foreclosure action, Bank of America served the Robinsons with the complaint in January 2015, and they did not file for removal until February 2020—more than five years later.

In the landlord-tenant action, Ms. Hooker Robinson was served on December 31, 2019 and she filed for removal here more than 30 days later, on February 6, 2020.

The Robinsons claim they were never served with the complaint. *See* Not. of Removal. But the Superior Court dockets show otherwise. Bank of America served the Robinsons separately in January 2015. *See* Foreclosure Docket at 4. Giving the benefit of all doubt to Ms. Hooker Robinson, the foreclosure docket shows an entry in September 2015 noting that she was served again to correct a previous error in service. *See id*. at 6. But even starting the clock in September 2015, the removal filed here was more than four years too late.

And Uptown Development served Ms. Hooker Robinson with the eviction lawsuit by posting and mailing on December 31, 2019, after a process server twice tried to serve her in person at the property. *See* Landlord-Tenant Docket. The Court agrees with Bank of America that the Robinsons' attempt to remove the cases is time-barred by 28 U.S.C. § 1446(b)(1). This alone justifies remand.

*Second*, even if the removal was timely, the Court lacks subject matter jurisdiction over the case. Removal is appropriate only if a defendant can establish either federal question jurisdiction or diversity jurisdiction. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). The Robinsons claim the Court has federal question jurisdiction, but it does not.

The Robinsons argue that the case presents a federal question because of the Department of Veterans Affairs' interest in the case. Not. of Removal at pg. 2. It appears from the Robinsons' filings that they bought the home using a Veterans Affairs-backed home loan. *See* Mot. for Preliminary Injunction, ECF No. 5. The foreclosure docket also includes an entry referring to the Servicemembers' Civil Relief Act, 50

U.S.C. §§ 3901–4043, though its significance is unclear. *See* Foreclosure Docket at 8. Regardless, the Robinsons' defense cannot support jurisdiction.

It is "settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]" *Caterpillar*, 482 U.S. at 393. And "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). But Bank of America's only claim is under D.C. Code § 42-816. *See* ECF No. 1-1 at 12. Likewise, Uptown Development's eviction claims rest in D.C. Code §§ 42-3203 and 42-522. Compl., *Uptown Dev. LLC v. Robinson*, Case No. 2019 LTB 027120 (D.C. Super. Ct. Nov. 26, 2019). There is no federal question.

And there is no diversity jurisdiction either. The removal statute expressly prohibits removal based on diversity of citizenship if any defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2). But the Robinsons are citizens of Washington, D.C., with a listed address at 1224 Emerson St NW. Because Bank of America and Uptown Development brought their cases in the Superior Court for the District of Columbia, the Court cannot exercise diversity jurisdiction.

Lacking original jurisdiction under either federal question or diversity of citizenship, the Court lacks jurisdiction over this case and must remand. *See Caterpillar*, 482 U.S. at 392. And because the Court lacks jurisdiction over this case, there is no authority to rule on the Robinsons' Motion for Preliminary Injunction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*,

523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

**IV.**

In consideration of the parties' filings, the records of the Superior Court, and the relevant law, it is hereby

**ORDERED** that Bank of America's Motion to Remand is GRANTED; and

**ORDERED** that this case shall be remanded to the Superior Court for the District of Columbia; and further

**ORDERED** that the Robinsons' Motion for Preliminary Injunction is DENIED as moot.

**SO ORDERED**.

The Clerk of Court shall close this case.

2020.05.15
11:33:09 -04'00'

Dated: May 15, 2020

TREVOR N. McFADDEN
United States District Judge